So Ordered.

Dated: January 28th, 2016



Frank L. Kurtz
Bankruptcy Judge

# United States Bankruptcy Court
# Eastern District Of Washington

In Re: )
)
LAURA LOUISE BRADLEY ) Main Case Number: 15-01347-FLK13
)
)
)
Debtor. )
**FINDING OF FACT AND CONCLUSIONS OF LAW RE: VALUATION OF 2005 DODGE RAM TRUCK**

The debtor's motion to value her 2005 Dodge Ram truck came on for hearing on January 25, 2016. The debtor is Laura Louise Bradley. She filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on April 14, 2015. The debtor is seeking to confirm a chapter 13 plan and is attempting "cram down" the current value of her Dodge truck to its current value, pursuant to 11 U.S.C. § 506(a). On July 28, 2015, she filed a motion to value her Dodge truck and she states the value of the truck is $15,000.00. On August 31, 2015, creditor Pacific NW Federal Credit Union filed an objection to Ms. Bradley's motion. Ms. Bradley is represented by attorney Paul H. Williams. The credit union is represented by Michael J. Caro.

The Court heard and considered the testimony of Ms. Bradley and James B. Baggett, Jr. The Court also considered the exhibits that were offered and admitted into evidence.

The Court finds as follows:

1. The debtor filed a voluntary petition for relief under Chapter 13 of Title 11 on April 14, 2015.

2. On April 29, 2015, the debtor filed a chapter 13 plan, in which she purposed to bifurcate the credit union's claim into secured and unsecured. As to the Dodge truck, her plan treated the claim as a secured claim in the amount of $15,000.00. Thereafter the debtor filed a motion to value the claim.

3. On June 24, 2015, the credit union responded to the debtor's motion by stating that the NADA retail value of the Dodge truck was $22,550.00. They further noted that the value of the vehicle could be more based on mileage or condition. At trial, the credit union claimed a value of $23,500.00.

4. The credit union holds a consensual lien on the Dodge truck.

5. Ms. Bradley testified regarding the condition and value of the Dodge truck but her testimony was not credible for several reasons. She testified that the vehicle's odometer did not reflect the truck's actual miles because it had been disconnected. She emphasized the hard use to which she put the truck as a participant in many rodeos. She further testified if the odometer had been connected, it would have shown that the vehicle had been driven more than 200,000 miles. Although she claims that the odometer was disconnected, there is no evidence of this act, other than her testimony. Her testimony is undermined by the CARFAX report showing a reading of 40,288 miles on September 27, 2011. It is further undermined by the general condition of the car which does not show the mileage and usage about which she testified.

6. James B. Baggett, Jr., the credit union's appraiser also testified about the value of the Dodge truck. Although Mr. Baggett is a highly qualified appraiser, his testimony exhibited some bias in favor of the credit union. While the overall condition of the vehicle is good, there are issues that impact its value that Mr. Baggett appeared to minimize or ignore. He conceded that there was some damage that was visible when he inspected the vehicle. But he discounted, based upon minimal investigation, the estimate showing that the vehicle required repairs costing approximately $5,000.00. Specifically, in making his appraisal, Mr. Baggett disregarded the information that the truck's turbo feature might need to be replaced, based upon starting the engine, turning on the turbo, and noting the absence of any engine light. In the Court's opinion, if Mr. Baggett had been buying the vehicle for his own purposes, he would not have been satisfied with the investigation that he performed.

7. For its age, the mileage for the vehicle is low, approximately 63,328 miles when it was appraised by the credit union.

8. A replacement value of the Dodge truck is $19,000.00, considering the age and condition of the vehicle at the time value is determined.

The Court enters the following conclusions of law:

If the debtor is an individual in a case under chapter 13, the value with respect to personal property securing an allowed claim shall be determined based on the replacement of such property, as of the date of filing of the petition without deductions for cost or sale of marketing.

Section 506(a)(2) defines the replacement value of personal property as "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined."

Pursuant to § 506(a) of Title 11, the secured claim of creditor Pacific NW Federal Credit Union as to the 2005 Dodge Ram truck is $19,000.00.